# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | |
|---|---|
| **VERNON D. ALLEN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **No. 3:18-cv-00153-TAV-HBG** |
| **v.** ) | |
| ) | **JURY DEMANDED** |
| **JACOBS ENGINEERING GROUP, INC.,** ) | |
| **ROGERS GROUP INVESTMENTS, INC.,** ) | |
| **ENSAFE ENGINEERING SERVICES and** ) | |
| **ENSAFE, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT JACOBS ENGINEERING GROUP, INC.

Comes now, the Defendant, Jacobs Engineering Group, Inc. ("Jacobs"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and files this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Vernon D. Allen, et al. ("Plaintiffs").

## AFFIRMATIVE DEFENSES

1.      The Plaintiffs' Complaint and each separate count contained therein fails to state a claim against Jacobs upon which relief can be granted and should be dismissed with prejudice.

2.      Plaintiffs' causes of action against Jacobs are barred because Jacobs is entitled to qualified immunity from suit as a contractor providing services to the Tennessee Valley Authority ("TVA"), a federal governmental agency, in connection with the TVA Kingston Ash Recovery Project. *See Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18 (1940); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

3.     Plaintiffs' claims and causes of action against Jacobs are barred as a matter of law under the Sixth Circuit's "discretionary function" test, set forth in *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641 (6th Cir. 2015).

4.     Plaintiffs' claims and causes of action against Jacobs are barred by the government contractor defense articulated in *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988).

5.     Plaintiffs' claims and causes of action are preempted, in whole or in part, by federal law.

6.     Plaintiffs' claims and causes of action against Jacobs are barred by applicable statutes of limitation and/or repose, including without limitation Tenn. Code Ann. § 28-3-104, *et seq.*, and by the doctrine of laches.

7.     Plaintiffs' claims and causes of action are barred because Plaintiffs lack standing to pursue some or all of their claims against Jacobs.

8.     Jacobs breached no duty of care owed to Plaintiffs.

9.     Jacobs reserves the right to assert injuries and damages of Plaintiffs were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of those injuries and damages.

10.     Plaintiffs' claims and causes of action are barred by the doctrine of laches, waiver and/or estoppel.

11.     Plaintiffs' claims and causes of action may be barred, in whole or in part, due to spoliation of evidence.

12.     Plaintiffs' Complaint fails to join all parties necessary for a just adjudication of Plaintiffs' claims.

13.     Plaintiffs' claims are barred by the doctrines of *res judicata*, claim preclusion, and/or issue preclusion.

14.     Plaintiffs' claims are barred because, at all times relevant to the allegations in the Complaint, Jacobs complied with the applicable standards of care, under the direction, and supervision of TVA, the United States Environmental Protection Agency ("EPA"), and the Tennessee Department of Environment and Conservation ("TDEC"), while performing services on the TVA's Kingston Fly Ash Recovery Project, thus barring Plaintiffs' right of action against Jacobs as a matter of law.

15.     Under the doctrine of comparative fault, Plaintiffs' claims against Jacobs are barred because any of Plaintiffs' alleged damages were solely, directly, and proximately caused by Plaintiffs' own negligence in failing to exercise reasonable care for their own health and safety.

16.     Under the doctrine of comparative fault, Plaintiffs' claims against Jacobs are barred because, to the extent that Plaintiffs' negligence was not the sole, direct and proximate cause of any of their alleged injuries, Plaintiffs were negligent in an amount equal to or greater than 50% of the fault attributable to the damages alleged in this case.  If it is found that such negligence is less than 50% of the total fault attributable to the damages alleged in this case, then Plaintiffs' recovery should be reduced by the relative extent or percentage of fault or negligence attributable to Plaintiffs.

17.     Any injury or damage sustained by Plaintiffs was caused, in whole or in part, by Plaintiffs' own lack of due care and fault, pre-existing conditions, and/or the lack of due care or fault of others for whom Jacobs has no responsibility or control.

18.     Any injury or damage sustained by Plaintiffs was caused by intervening or superseding events, factors, occurrences or conditions which were not caused by Jacobs and for which Jacobs is not liable, and such conduct proximately caused the injuries and damages alleged.

19.     Plaintiffs' claims are barred to the extent that they are based on any alleged duty to warn or disclose the risks associated with fly ash or coal ash because those risks, to the extent they exist, are and have been commonly known.

20.     Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of Jacobs, and did not act upon any statement, representation, advice or conduct to their detriment.

21.     In the event any Plaintiff recovers a judgment against Jacobs, any judgment against Jacobs must be reduced or set off by those payments which such Plaintiff has received or will receive from collateral sources.

22.     Jacobs reserves the right to assert as a defense any failure of Plaintiffs to mitigate their damages.

23.     The United States is the real party in interest in this action because, as a result of Jacobs' right to indemnification and/or contribution from federal agencies, any judgment against Jacobs in this case would expend itself on the public treasury or domain, or interfere with the public administration. *See Land v. Dollar*, 330 U.S. 731 (1947). As a result, Plaintiffs are not entitled to either punitive damages or a trial by jury. *Cf. Mays v. Tennessee Valley Authority*, 699 F. Supp. 2d 991, 1028-1033 (2010).

24.     Jacobs asserts all statutory and other limitations on damages that may exist under applicable law, including, without limitation, any limit on the amount of non-economic damages,

damages for pain and suffering, or exemplary or punitive damages, and including without limitation the damages defenses and limitations provided under Tenn. Code Ann. §§ 29-39-102 and 29-39-104.

25.     There is no basis in law or fact for the imposition of punitive damages with respect to the claims the Plaintiffs have brought against Jacobs. Plaintiffs' demand for punitive damages should not be submitted to the jury.

26.     Plaintiffs' claims for punitive damages are barred in that the evidence will not authorize a finding that Jacobs acted intentionally, fraudulently, maliciously, or recklessly, by clear and convincing evidence. An award of punitive damages against Jacobs could violate Jacobs' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section VIII of the Tennessee Constitution.

(A)     Jacobs would show that the standard for an award of punitive damages is unconstitutionally vague. It allows virtually standardless discretion to the jury to determine punishment. It further deprives Defendant of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, Jacobs would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Tennessee and United States Constitutions.

(B)     Jacobs would show that any award of punitive damages would violate Jacobs' right to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Jacobs was

given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Jacobs would violate its due process rights pursuant to the Tennessee and United States Constitutions.

(C)     Jacobs would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment.  Jacobs would further show that any award of damages in excess of Plaintiffs' actual damages would violate its rights to due process of law, equal protection of the law and would constitute an unconstitutional excessive fine as forbidden by the Tennessee and United States Constitutions.

(D)     Jacobs would show that the admission of any evidence concerning the size or wealth of Jacobs will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages and the measure of punitive damages.  As such, the admission of any such evidence violates Jacobs' right to due process of law and equal protection of the law pursuant to the Tennessee and United States Constitutions.

(E)     Jacobs is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Jacobs received none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

(F)     An award of punitive damages in this case would violate double jeopardy in the event there is more than one judgment against Jacobs and would violate due process and equal protection clauses of the United States Constitution (U.S. Const. Amends. V and XIV) and the Tennessee Constitution. (Article I, Section VIII).

(G)    The statutes, and the court decisions interpreting these statutes, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages and they fail to limit the award of punitive damages to:

(a)    the degree of reprehensibility of Jacobs' alleged misconduct;

(b)    the disparity between the harm (or potential harm) suffered by Plaintiffs and the punitive damages award; and

(c)    the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

(H)    The statutes, and the court decisions interpreting these statutes, fail to sufficiently inform judges and juries of the nature of offenses for which punitive damages can be awarded.

(I)    The statutes, and the court decisions interpreting these statutes, fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded.

(J)    To the extent the trier of fact is permitted to consider Jacobs' net worth, wealth or financial condition in awarding punitive damages, or in calculating the amount of any such award, such consideration violates due process and equal protection of the clauses of the United States Constitution (U.S. Const. Amends. V & XIV).

(K)    To the extent the award of punitive damages is criminal or quasi-criminal in nature, it is not awarded by proof beyond a reasonable doubt, contrary to due process of law and excess fines and cruel and unusual punishments as required by the United States Constitution (U.S. Const. Amends. VIII & XIV).

(L)     The statutes, and the court decisions interpreting these statutes, permit the award of excessive punitive damages without relationship to the public safety, health or welfare said to be served by punitive damages.

(M)     The statutes, and the court decisions interpreting these statutes, allow persons to repeatedly be put in jeopardy of paying for the same offense.

(N)     The statutes, and the court decisions interpreting these statutes, fail to place a limit on the amount of punitive damages to be awarded.

(O)     The statutes, and the court decisions interpreting these statutes, fail to provide adequate post-verdict processes and standards for review by the trial court and also fail to provide adequate appellate review procedures so as to adequately protect due process rights as required by the due process clause of the United States Constitution (U.S. Const. Amend. XIV; *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001)).

(P)     The statutes, and the court decisions interpreting these statutes, permit the award of punitive damages without reasonable relationship to the civil or criminal penalties that could be imposed for comparable misconduct in other cases.

(Q)      The statutes, and the court decisions interpreting these statutes, allow persons to be put repeatedly in jeopardy of paying for the same offense.

(R)     There are inadequate safeguards with respect to the imposition of punitive damages against Jacobs under Tennessee law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.  Accordingly, the imposition of punitive damages in this case against Jacobs would violate that amendment to the Constitution of the United States.

8

(S) The imposition of punitive damages against this defendant in this case would violate the commerce clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(T) There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Jacobs under Tennessee law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States. Accordingly, the imposition of punitive damages in this case against this defendant would violate that amendment to the Constitution of the United States.

(U) To subject Jacobs to punitive damages under the facts of this case without some guarantee against future punishment for similar acts or omissions would violate the constitutions of both the United States and the State of Tennessee.

(V) The imposition of punitive damages against Jacobs would constitute an arbitrary and capricious taking of property without due process of law in violation of the constitutions of both the United States and the State of Tennessee.

(W) The imposition of punitive damages against Jacobs would constitute an excessive fine under the constitutions of both the United States and the State of Tennessee.

(Y) The imposition of punitive damages against Jacobs would improperly penalize this Defendant without the same safeguards afforded criminal defendants by the constitutions of both the United States and the State of Tennessee.

(Z) The standard or pattern jury instructions on punitive damages are unconstitutionally insufficient.

27.     Jacobs asserts all of its constitutional defenses to punitive damages under both the United States Constitution and the Tennessee State Constitution.

28.     Plaintiffs fail to plead fraud and "misrepresentation/fraudulent concealment" with particularity, as required under Federal Rule of Civil Procedure 9.

29.     Plaintiffs' claim for strict liability is barred as a matter of law because the program management services Jacobs performed at the Kingston site under its contract with TVA do not constitute ultra-hazardous or abnormally dangerous activity.

30.     All allegations or averments set forth in the Complaint not herein specifically admitted, denied, or explained are here and now denied as though separately and specifically set forth and denied.

31.     Any alleged act or omission on the part of Jacobs was not the proximate cause and/or competent producing cause of the alleged injury or alleged damages.

32.     No duty to Plaintiff exists under some or all of the statutes cited by Plaintiffs.

33.     No right to a private cause of action exists under some or all of the statutes cited by Plaintiffs.

34.     Jacobs reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise, during the litigation of this case.

## STATEMENT OF THE CASE

1.     Plaintiffs' characterization of the case in Paragraph 1 contains legal conclusions to which Jacobs is not required to respond.  To the extent that a response is required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations directed towards Jacobs that are set forth in Paragraph 1 and demands strict proof thereof.   In

particular, Jacobs denies that Plaintiffs' alleged injuries were caused by exposure to coal fly ash at the Kingston Fossil Plant in Kingston, Tennessee, and denies that any action or inaction by Jacobs caused or contributed to Plaintiffs' alleged injuries. Jacobs denies that it acted contrary to or outside of the scope of the authority and directives it received from TVA, EPA, or TDEC. Jacobs is without information sufficient to form a belief as to the truth of the remaining factual allegations contained in Paragraph 1, including allegations pertaining to Defendant Rogers Group Investments, Inc. ("Rogers Group"), and, therefore, denies those allegations.

## JURISDICTION AND VENUE

2.      Paragraph 2 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs states that this case should proceed in the United States District Court for the Eastern District of Tennessee at Knoxville. Jacobs denies the remaining factual allegations in Paragraph 2 that are directed towards Jacobs and demands strict proof thereof. Jacobs is without information sufficient to form a belief as to the truth of the factual allegations pertaining to Rogers Group contained in Paragraph 2 and, therefore, denies those allegations.

## THE PARTIES

3.      Jacobs is without information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3 and, therefore, denies that allegation.

4.      Jacobs admits that it is a Delaware corporation with its principal place of business in Dallas, Texas. Jacobs admits that it is licensed to do and is doing and has done business in Roane County, Tennessee. Jacobs admits that it may be served with process through its registered

agent for service of process, CT Corporation.  Jacobs denies the remaining allegations in Paragraph 4.

5.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, denies those allegations.

6.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and, therefore, denies those allegations.

7.      Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and, therefore, denies those allegations.

## GENERAL ALLEGATIONS

8.      Paragraph 8 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, the allegations in Paragraph 8 are denied as stated.  Jacobs was engaged by TVA, a corporate agency and instrumentality of the United States, to provide certain services in connection with the Kingston Ash Recovery Project at the Kingston Fossil Plant in Kingston, Tennessee, as set forth in the contract entered into by Jacobs and TVA, dated February 6, 2009 ("the TVA/Jacobs Contract").  That contract speaks for itself.  To the extent that the allegations in Paragraph 8 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied.  Jacobs denies the remaining allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, the allegations in Paragraph 9 are denied as stated.  Jacobs entered into a prime contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the

TVA/Jacobs Contract. That contract speaks for itself. To the extent that the allegations in Paragraph 9 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied. Jacobs admits that TVA entered into contracts with other individuals and/or entities to provide certain services in connection with the Kingston Ash Recovery Project. Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 pertaining to Rogers Group and Defendants EnSafe, Inc. ("EnSafe") and EnSafe Engineering Services, P.C. ("EnSafe Engineering") and, therefore, denies those allegations. Jacobs denies the remaining allegations in Paragraph 9.

10.     Paragraph 10 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, the allegations in Paragraph 10 are denied as stated. Jacobs entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract. That contract speaks for itself. To the extent that the allegations in Paragraph 10 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied. Jacobs denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies those allegations.

12.     Paragraph 12 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response is required, Jacobs

is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies those allegations.

13.     Paragraph 13 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations pertaining to Rogers Group, EnSafe, and/or EnSafe Engineering contained in Paragraph 13 and, therefore, denies those allegations.   Jacobs denies the remaining allegations in Paragraph 13.

14.     Paragraph 14 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies those allegations.

15.     Paragraph 15 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, denies those allegations.

16.     Paragraph 16 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies those allegations.

17.     Paragraph 17 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs

is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, denies those allegations.

18.     Paragraph 18 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 18 that are directed towards Jacobs and demands strict proof thereof.  Paragraph 18 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 that are not directed towards Jacobs and, therefore, denies those allegations.

19.     Paragraph 19 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 19 and demands strict proof thereof.  Jacobs entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract.  That contract speaks for itself.  To the extent that the allegations in Paragraph 19 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied.  Jacobs denies the remaining allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 20 and demands strict proof thereof.  Jacobs entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract.  That contract speaks for itself.  To the

extent that the allegations in Paragraph 20 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied. Jacobs denies the remaining allegations in Paragraph 20.

21.     Paragraph 21 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 21 and demands strict proof thereof.

22.     Paragraph 21 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs admits that the information identified in Table 4-1 titled "Fly Ash Constituent Information" was in Jacobs' possession, and that this information was listed in the Site Wide Safety and Health Plan ("SWSHP"), which was jointly prepared by Jacobs and TVA, and reviewed, approved, and adopted by EPA and TVA on June 30, 2009. The SWSHP was made available for viewing by the general public, including all of the Plaintiffs, on the internet and onsite, upon request, for more than four years. Jacobs denies the allegations set forth in Paragraph 22 and demands strict proof thereof.

23.     Paragraph 23 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 23 and demands strict proof thereof. Jacobs specifically denies that information regarding toxins, routes of exposure, and/or target organs was omitted from the versions of the SWSHP drafted prior to 2013.

24.     Paragraph 24 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 24 and demands strict proof thereof.

25. Paragraph 25 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 25 (and the allegations contained in subparts a through m of Paragraph 25) and demands strict proof thereof. Additionally, 42 U.S.C. § 7401, et seq., Tenn. Code Ann. §§ 39-13-l0l, 39-13-l03, and Tenn. St. Regs. 1200-3-3 through 1200-3-37 speak for themselves, and to the extent that the allegations in Paragraph 25 add to, subtract from, or differ in any way from the requirement of these statutes and regulations, the allegations are denied.

26. Jacobs denies the allegations set forth in Paragraph 26 and demands strict proof thereof.

27. Paragraph 27 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 27 and demands strict proof thereof. Jacobs entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract. That contract speaks for itself. To the extent that the allegations in Paragraph 27 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied. Jacobs denies the remaining allegations in Paragraph 27.

28. Jacobs denies the allegations set forth in Paragraph 28 and demands strict proof thereof.

29. Jacobs denies the allegations set forth in Paragraph 29 and demands strict proof thereof.

30.     Jacobs denies the allegations set forth in Paragraph 30 and demands strict proof thereof.

31.     Jacobs denies the allegations set forth in Paragraph 31 and demands strict proof thereof.

32.     Paragraph 32 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 32 and demands strict proof thereof.

33.     Paragraph 33 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 33 and demands strict proof thereof.

34.     Paragraph 34 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 34 and demands strict proof thereof.

35.     Jacobs denies the allegations set forth in Paragraph 35 and demands strict proof thereof.

36.     Jacobs denies the allegations set forth in Paragraph 36 and demands strict proof thereof.

## FIRST CLAIM FOR RELIEF

### <u>Negligence</u>

37.     Paragraph 37 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 37 (and

the allegations contained in subparts A through F of Paragraph 37) and demands strict proof thereof.

38. Paragraph 38 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 38 and demands strict proof thereof.

39. Paragraph 39 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 39 and demands strict proof thereof.

40. Paragraph 40 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 40 and demands strict proof thereof.

41. Paragraph 41 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 41 and demands strict proof thereof.

42. Paragraph 42 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 42 and demands strict proof thereof.

43. Paragraph 43 contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response is required, Jacobs is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies those allegations.

## SECOND CLAIM FOR RELIEF

### Assault and Battery

44.     In response to Paragraph 44, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 43 by reference as if specifically set forth herein.

45.     Paragraph 45 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 45 that are directed towards Jacobs and demands strict proof thereof.  Paragraph 45 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

46.     Paragraph 46 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 46 that are directed towards Jacobs and demands strict proof thereof.  Paragraph 46 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

47.     Jacobs denies the allegations set forth in Paragraph 47 and demands strict proof thereof.

48.     Paragraph 48 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 48 and demands strict proof thereof.

49.     Jacobs denies the allegations set forth in Paragraph 49 and demands strict proof thereof.

50.     Paragraph 50 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 50 that are directed towards Jacobs and demands strict proof thereof. Jacobs denies that it is liable to Plaintiffs under any theory of liability. Paragraph 50 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

### THIRD CLAIM FOR RELIEF

### Negligence *Per Se*

51.     Paragraph 51 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 51 (and the allegations contained in subparts a through l of Paragraph 51) and demands strict proof thereof. In further response to Paragraph 51, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 50 by reference as if specifically set forth herein.

52.     Paragraph 52 contains Plaintiffs' characterization of a cause of action and reflects legal conclusions to which Jacobs is not required to respond. To the extent that a response is

required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations directed towards Jacobs that are set forth in Paragraph 52 and demands strict proof thereof.

53. Jacobs denies the allegations set forth in Paragraph 53, as stated, and demands strict proof thereof. Jacobs further states that personnel at the Kingston Site were required to use and did, in fact, use respirators and other personal protective equipment as set forth in and as required by the SWSHP.

54. Paragraph 54 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 54 and demands strict proof thereof.

55. Paragraph 55 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 55 and demands strict proof thereof.

56. Paragraph 56 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 56 that are directed towards Jacobs and demands strict proof thereof. Paragraph 56 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

57.    Paragraph 57[1] contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 57 that are directed towards Jacobs and demands strict proof thereof.  Jacobs denies that it is liable to Plaintiffs under any theory of liability.  Paragraph 57 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

58.    Paragraph 58 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 58 and demands strict proof thereof.   Jacobs further states that it entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract.  That contract speaks for itself.  To the extent that the allegations in Paragraph 58 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied. Jacobs denies the remaining allegations in Paragraph 58.

## FOURTH CLAIM FOR RELIEF

### Intentional and/or Reckless Failure to Warn

59.    In response to Paragraph 59, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 58 by reference as if specifically set forth herein.

---

[1] The Complaint contains a second Paragraph 47 in place of what should be Paragraph 57 on Page 21.  Jacobs' response to Paragraph 57 corresponds to what is labelled (the second) Paragraph 47.

60. Paragraph 60 contains Plaintiffs' characterization of a cause of action and reflects legal conclusions to which Jacobs is not required to respond. To the extent that a response is required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations directed towards Jacobs that are set forth in Paragraph 60 and demands strict proof thereof.

61. Paragraph 61 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 61 that are directed towards Jacobs and demands strict proof thereof. Paragraph 61 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

62. Paragraph 62 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 62 that are directed towards Jacobs and demands strict proof thereof. Paragraph 62 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

63. Paragraph 63 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 63 that are directed towards Jacobs and demands strict proof thereof. Paragraph 63 also contains

allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

64. Paragraph 64 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 64 that are directed towards Jacobs and demands strict proof thereof. Paragraph 64 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

65. Paragraph 65 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 65 that are directed towards Jacobs and demands strict proof thereof. Jacobs denies that it is liable to Plaintiffs under any theory of liability. Paragraph 65 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

# FIFTH CLAIM FOR RELIEF

## Reckless Infliction of Emotional Distress

66.    In response to Paragraph 66, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 65 by reference as if specifically set forth herein.

67.    Paragraph 67 contains Plaintiffs' characterization of a cause of action and reflects legal conclusions to which Jacobs is not required to respond.  To the extent that a response is required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations directed towards Jacobs that are set forth in Paragraph 67 and demands strict proof thereof.

68.    Paragraph 68 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 68 that are directed towards Jacobs and demands strict proof thereof.  Paragraph 68 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations.  To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

69.    Paragraph 69 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 69 and demands strict proof thereof.

70.    Paragraph 70 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 70 that are directed towards Jacobs and demands strict proof thereof.  Paragraph 70 also contains

allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

71.     Paragraph 71 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations that are set forth in Paragraph 71 that are directed towards Jacobs and demands strict proof thereof. Jacobs denies that it is liable to Plaintiffs under any theory of liability. Paragraph 71 also contains allegations that are not directed towards Jacobs; therefore, Jacobs is not required to respond to those allegations. To the extent a response to the allegations not directed towards Jacobs is required, Jacobs is without information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## SIXTH CLAIM FOR RELIEF

### <u>Fraud</u>

72.     In response to Paragraph 72, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 71 by reference as if specifically set forth herein.

73.     Paragraph 73 contains Plaintiffs' characterization of a cause of action and reflects legal conclusions to which Jacobs is not required to respond. To the extent that a response is required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations directed towards Jacobs that are set forth in Paragraph 73 and demands strict proof thereof.

74.     Jacobs denies the allegations set forth in Paragraph 74, as stated, and demands strict proof thereof.   Jacobs further states that information regarding the potentially toxic substances that could be found in fly ash was provided in the SWSHP, which was made available for viewing by the general public, including all of the Plaintiffs, on the internet and onsite, upon request, for more than four years.

75.     Jacobs denies the allegations set forth in Paragraph 75 and demands strict proof thereof.

76.     Paragraph 76 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 76 and demands strict proof thereof.

77.     Paragraph 77 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 77 and demands strict proof thereof.

78.     Jacobs denies the allegations set forth in Paragraph 78, as stated, and demands strict proof thereof.  Jacobs denies that it is liable to Plaintiffs under any theory of liability.

## SEVENTH CLAIM FOR RELIEF

### Misrepresentation/Fraudulent Concealment

79.     In response to Paragraph 79, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 78 by reference as if specifically set forth herein.

80.     Paragraph 80 contains Plaintiffs' characterization of a cause of action and legal conclusions, to which Jacobs is not required to respond.  To the extent that a response is required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies

all allegations set forth in Paragraph 80 and demands strict proof thereof. Jacobs further states that it entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, under the direction and supervision of TVA and EPA, as set forth in the TVA/Jacobs Contract. That contract speaks for itself. To the extent that the allegations in Paragraph 80 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied.

81.     Jacobs denies the allegations set forth in Paragraph 81 and demands strict proof thereof.

82.     Jacobs denies the allegations set forth in Paragraph 82, as stated, and demands strict proof thereof. Jacobs further states that information regarding the potentially toxic substances that could be found in fly ash was provided in the SWSHP, which was made available for viewing by the general public, including all of the Plaintiffs, on the internet and onsite, upon request, for more than four years.

83.     Paragraph 83 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 83 and demands strict proof thereof.

84.     Paragraph 84 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 84 and demands strict proof thereof.

85.     Jacobs denies the allegations set forth in Paragraph 85 and demands strict proof thereof.

86.     Paragraph 86 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 86, as stated, and demands strict proof thereof.  The SWSHP, which was reviewed and approved by TVA and EPA, specifically addressed when workers were required to use respiratory equipment at the Kingston site and when the voluntary use of such equipment was permitted at the Kingston site. Jacobs ensured that respiratory equipment was used and not used by workers as set forth in and as required by the SWSHP.

87.     Jacobs denies the allegations set forth in Paragraph 87, as stated, and demands strict proof thereof.  Jacobs further states that personnel at the Kingston Site were required to use and did, in fact, use respirators and other personal protective equipment as set forth in and as required by the SWSHP.

88.     Paragraph 88 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 88 and demands strict proof thereof.   Jacobs denies that it is liable to Plaintiffs under any theory of liability.

## EIGHTH CLAIM FOR RELIEF

### Strict Liability for Ultra-Hazardous or Abnormally Dangerous Activity

89.     In response to Paragraph 89, Jacobs hereby reasserts and realleges its responses to Paragraphs 1 through 88 by reference as if specifically set forth herein.

90.     Paragraph 90 contains Plaintiffs' characterization of a cause of action and reflects legal conclusions to which Jacobs is not required to respond.  To the extent that a response is

required, Jacobs denies that it is liable to the Plaintiffs under any legal theory and in any amount and denies all allegations set forth in Paragraph 90 and demands strict proof thereof.

91.     Paragraph 91 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 91 and demands strict proof thereof.

92.     Paragraph 92 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 92 and demands strict proof thereof.

93.     Paragraph 93 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 93 and demands strict proof thereof.

94.     Paragraph 94 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 94 and demands strict proof thereof.

95.     Paragraph 95 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 95 and demands strict proof thereof.

96.     Paragraph 96 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 96 and demands strict proof thereof.

97.     Paragraph 97 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 97 and

demands strict proof thereof. Jacobs further states that it entered into a contract with TVA to provide certain services in connection with the Kingston Ash Recovery Project, as set forth in the TVA/Jacobs Contract. That contract speaks for itself. To the extent that the allegations in Paragraph 97 pertaining to the contract add to, subtract from, or differ in any way from the terms of that contract, the allegations are denied.

98.     Paragraph 98 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 98 and demands strict proof thereof. Jacobs further states that Christina Wilkinson is not a party to this case and does not have any claims or any right to recover in this case.

99.     Paragraph 99 contains legal conclusions to which Jacobs is not required to respond. To the extent a response is required, Jacobs denies the allegations set forth in Paragraph 99 and demands strict proof thereof. Jacobs denies that it is liable to Plaintiffs under any theory of liability.

## JURY DEMAND

100.     Jacobs denies that Plaintiffs are entitled to a trial by jury.

## PRAYER FOR RELIEF

101.     Jacobs denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph, including but not limited to the relief set forth in subparagraphs A through C. Jacobs denies that it is liable to Plaintiffs under any theory of liability.

102.     Except as expressly and unequivocally admitted above, all allegations of the Complaint are hereby denied.

WHEREFORE, Jacobs Engineering Group, Inc. respectfully requests that:

1. Plaintiffs' Complaint be dismissed with prejudice;

2. Jacobs be awarded its costs and fees in defending this action; and

3. This Court grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ James F. Sanders

James F. Sanders   No. 005267
jsanders@nealharwell.com
J. Isaac Sanders   No. 029372
isanders@nealharwell.com
Marie T. Scott   No. 032771
mscott@nealharwell.com
1201 Demonbreun Street
Suite 1000
Nashville, Tennessee 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

**SMITH CASHION & ORR, PLC**
S. Joe Welborn   No. 21747
jwelborn@smithcashion.com
Joshua K. Chesser   No. 27993
jchesser@smithcashion.com
231 Third Avenue North
Nashville, Tennessee 37201
Telephone: (615) 742-8555
Facsimile: (615) 742-8556

*Attorneys for Defendant Jacobs Engineering Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 23rd day of April, 2018, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

_____<br>
/s/ James F. Sanders