# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| **VERNON D. ALLEN**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-153 |
| | ) |
| JACOBS ENGINEERING GROUP, INC.; | ) |
| ROGERS GROUP INVESTMENTS, INC.; | ) |
| ENSAFE ENGINEERING SERVICES; | ) |
| and ENSAFE, INC., | ) |
| | ) |
| Defendants. | ) |

## ENSAFE PARTIES' MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS

Defendants EnSafe Engineering Services, P.C. and EnSafe, Inc. ("EnSafe" or "the EnSafe parties") move for a more definite statement of the Plaintiffs' complaint pursuant to Rule 12(e) as it is so vague and ambiguous that the EnSafe parties cannot reasonably prepare a response. In the alternative, the EnSafe parties move to dismiss the Plaintiffs' complaint pursuant to Rule 8(a) and Rule 12(b)(6), for failure to state a claim.

## FACTUAL BACKGROUND

This personal injury case arises out of the remediation of the TVA Superfund cleanup site in Kingston, Tennessee. (Doc. 1-2, p.7 ¶ 1.) Plaintiffs allege that they contracted illnesses resulting from continuous exposure to hazardous substances associated with fly ash at the cleanup site. (*Id.*) They clearly assert enumerated causes of action against Jacobs Engineering Group, Inc. (referred to in the complaint as "Jacobs"), and The Rogers Group Investments, Inc. ("Rogers Group"). However, the Plaintiffs' complaint does not contain any enumerated counts against the EnSafe parties.

Instead, as it specifically relates to the actions of the EnSafe parties, Plaintiffs allege only that:

> 12. Defendant EnSafe and/or EnSafe Engineering was contracted to conduct environmental testing and survey the site to determine the containment levels at the TVA KIF cleanup site in Kingston, Roane County, Tennessee where a remediation of TVA's "ash spill" from underlying commercial power activity occurred and was ongoing in nature.
>
> 13. At all times material herein, EnSafe and/or EnSafe Engineering recklessly and/or negligently acted outside the scope of direction and authority conferred by TVA and contrary to mandates under the Site Wide Safety and Health Plan (SWSHP). The defendants' job was to conduct the contaminant testing and report to TVA, EPA and others in such a manner as to protect the taxpaying citizens of Roane County, workers at the Site and the general area in order to safely remediate the Kingston (KIF) ash spill. EnSafe and/or EnSafe Engineering negligently failed to detect the true levels of contaminants, failed to warn TVA, Jacobs Engineering, the workers and residents of the dangers posed by the toxic constituents on the site.
>
> 14. As a direct and proximate result of the negligence of EnSafe and/or EnSafe Engineering, the plaintiffs were harmed by the toxic constituents to which they were exposed.

(*Id.*, pp.11-12 ¶¶ 12-14.) Plaintiffs allege eight causes of action in their complaint, that, as set forth below, do not contain any reference to the EnSafe parties sufficient to provide them with fair notice of the counts alleged against them.

## ARGUMENT

### I. Standard for Ordering a More Definite Statement or Dismissal.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement if a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement may be granted if a complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957 (E.D. Tenn. 2009) (citations omitted). Such exceptional

relief is warranted when the plaintiffs name multiple defendants but fail to reference those defendants by name or do not allege that they had a particular role in the misconduct. *Joslin v. Metro Nashville/Davidson County*, No. 3:12-cv-1284, 2013 WL 2250712, at *6 (M.D. Tenn. May 21, 2013) (ordering plaintiffs to amend complaint).

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To satisfy this standard, a plaintiff need only offer "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly,* 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do, neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor an unadorned, the-defendant-unlawfully harmed-me accusation. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555, 557).

II. **The Complaint is so Vague and Ambiguous it is Unclear What Claims the Plaintiffs Have Made Against the EnSafe Parties.**

The Court should order the Plaintiffs to provide a more definite statement of all enumerated counts against EnSafe. As the complaint stands, it is uncertain if any of these claims are asserted against the EnSafe parties:

- The First Claim for negligence only names Jacobs and The Rogers Group, and while it refers to a "Defendant," that reference is contained in a paragraph that identifies Jacobs as that defendant. (Doc. 1-2, ¶¶ 37, 41.) This conflicts with the Plaintiffs' factual allegations against the EnSafe parties in Paragraph 13 of the complaint. The discrepancies between the Plaintiffs' factual allegations and enumerated counts do not provide the EnSafe parties fair notice of the claims actually being asserted against them.

- The Second Claim for assault and battery and the Third Claim for negligence *per se* are only asserted against Jacobs and The Rogers Group. (*Id.*, pp.21-24.) Those claims do not refer to "Defendants" generally, except for one reference in the Second Claim that immediately follows the statement that "Plaintiffs hereby assert their cause of action for Assault and Battery as Jacobs and Rogers Group violated Tenn. Code Ann. § 39-13-101." (Doc. 1-2, ¶¶ 45-46.)

- The Fourth Claim is only stated against "Defendants" generally and is discussed in Section III, *infra*.

- The Fifth Claim for reckless infliction of emotional distress refers to "Defendants" but then describes only Jacobs' actions; there are no references to the EnSafe parties' actions in this claim. (*Id.*, pp.25-26.)

- The Sixth Claim for fraud only identifies Jacobs and no other defendants; nor does it refer to "defendants" generally. (Doc. 1-2, pp.26-27.)

- The Seventh Claim for misrepresentation/fraudulent concealment identifies "Jacobs" as the defendant throughout until the end when it refers to Jacobs in the singular possessive as "Defendant's." (*Id.*, pp.27-28.)

- The Eighth Claim for strict liability for ultra-hazardous or abnormally dangerous activity also identifies Jacobs as the actor and the Plaintiffs use the word "Defendant's" in one instance at the end of the count. (*Id.*, pp.29-30.)

As for the claims in which the EnSafe parties are not identified, the Court should construe those claims as if they are not asserted against the EnSafe parties. *Ledbetter v. Knox County, Tenn.*, 2006 WL 354200, at *3 (E.D. Tenn. Feb. 15, 2006) (review of complaint revealed that one defendant is only named in two counts and another is named in only seven counts); *Stern v. Felmet*, 2007 WL 1023948, at *5 n.6 (S.D. Ohio Mar. 30, 2007) (court reads the reference to "Defendants" as properly limited to the three defendants expressly named in the immediately preceding paragraph). Or, if necessary, the Court should order the Plaintiffs to provide a more definite statement of the claims against the EnSafe parties. *Joslin*, 2013 WL 2250712, at *6 (naming multiple parties as plaintiffs but not referencing certain parties by name warrants exceptional relief in the form of an amended complaint to clarify the conduct at issue).

**III.     The Plaintiffs' Intentional and/or Reckless Failure to Warn Claim Fails to Satisfy the Pleading Requirements of Rule 8.**

In the Fourth Claim for Relief, Plaintiffs state that "Defendants knew, or should have known, that the fly ash was contaminated", that "Defendants therefore had a duty to warn," that "Defendants breached their duty by not only failing to warn Plaintiffs, but actually fraudulently concealing the fact from Plaintiffs and, upon information and belief, TVA," that "Defendants' breach of the duty to warn caused Plaintiffs to work" without protective equipment and to be exposed to toxins, and that as a consequence of "Defendants' negligent/reckless failure to warn," Plaintiffs have suffered injury. (Doc. 1-2, ¶¶ 59-65.)[1] This claim "is precisely the kind that, under

---

[1] Plaintiffs also state that this constitutes a violation of Tennessee criminal law, § 39-13-103, for which there is no private right of action, so any claim based on that statute should be dismissed.

5

*Iqbal*, cannot withstand a motion to dismiss." *Gilliard v. Recontrust Co., N.A.*, 2012 WL 4442525, at *8 (E.D. Tenn. Sept. 25, 2012).

First, by identifying the defendants generally, the factual allegations fail to give each defendant fair notice of the claim against them and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. For example, in *Gilliard v. Recontrust Co.*, the negligent supervision claim only identified the "defendants" generally. 2012 WL 4442525, at *9. The court stated that the plaintiff "failed to state which of the many Defendants is allegedly responsible for negligently supervising its employees," which the court characterized as a "meaningful omission" and that "the Complaint as written simply cannot support a viable claim." *Id*. The court further stated that "Plaintiffs' allegations are not even enough to discern the identity of the Defendant or Defendants about which they now complain. Plaintiffs' negligent supervision claim fails to raise even a speculative right to relief, much less a plausible one." *Id*. (citing *Iqbal*, 556 U.S. at 678-79).

Similarly here, the EnSafe parties do not have fair notice of whether and how they as individual parties had a duty to warn, had knowledge of the contamination, and failed to warn plaintiffs about it and fraudulently concealed it. The duty that arises under the circumstances is individual to the party and their role at the Kingston site, as is their knowledge of the contamination and to the extent there was an opportunity to warn; yet Plaintiffs fail to state how each defendant had a duty to warn and breached that duty. Such conclusory allegations against "Defendants" as a whole are more akin to "legal conclusions couched as a factual allegation" which are impermissible under *Twombly*, 556 U.S. at 555.

Moreover, the facts alleged by the Plaintiffs regarding EnSafe specifically are inconsistent with the facts alleged in the Fourth Claim against the Defendants generally, and in

6

any event are not enough to provide fair notice of the claims. In the Fourth Claim the Plaintiffs state that "Defendants" had a "duty to warn and be truthful to the workers and TVA" and how the EnSafe parties "fail[ed] to warn Plaintiffs, [and] fraudulently conceal[ed] the fact from Plaintiffs, and, upon information and belief, TVA." (Doc 1-2, ¶¶ 62-63.) However the only factual allegations specific to EnSafe were that their "job was to conduct the contaminant testing and report to TVA, EPA and *others* in such a manner as to protect the taxpaying citizens of Roane County, workers at the Site and the general area in order to safely remediate the Kingston (KIF) ash spill," that they "*negligently failed to detect* the true levels of contaminants," and "failed to warn TVA, Jacobs Engineering, the workers and residents of the dangers posed by the toxic constituents on the site." (Emphasis added.) There are no allegations that the EnSafe parties had a duty to disclose contaminant testing to workers, and no allegations that EnSafe knew or should have known that the fly ash was contaminated. In fact, the factual allegations specific to EnSafe state the opposite, that EnSafe "failed to detect the true levels of contaminants." There is no factual allegation to support the claim that EnSafe had a duty to warn of "the actual amounts that went beyond permissible exposure limits as some workers may be more physiologically sensitive to its toxins," and there is no allegation to support the allegation that EnSafe "fraudulently concealed the fact from the Plaintiffs" and TVA. As to EnSafe, there is no allegation of fraudulent behavior at all.

To sum up, comparing the Fourth Claim to the factual allegations regarding the EnSafe parties demonstrates that the Fourth Claim is not facially plausible because it does not allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. At the very least, the Fourth Claim does not provide the EnSafe parties

7

reasonable notice of the basis for the Plaintiffs' claim, and the Fourth Claim is inconsistent with the facts alleged.

## CONCLUSION

For the foregoing reasons, the EnSafe parties move for a more definite statement of the Plaintiffs' complaint as it is so vague and ambiguous that the EnSafe parties cannot reasonable prepare a response. In the alternative, the EnSafe parties move to dismiss the Plaintiffs' complaint pursuant to Rule 8(a) and Rule 12(b)(6), for failure to state a claim.

Respectfully submitted,

*/s James S. Witcher III*
James S. Witcher, III, *admitted pro hac vice*
John E. Rollins, *admitted pro hac vice*
*Attorneys for EnSafe Engineering Services and EnSafe, Inc.*

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North
Suite 400
Birmingham, Alabama 35203
Telephone:	(205) 324-4400
Facsimile:	(205) 397-1314
E-mail: jwitcher@handarendall.com
	jrollins@handarendall.com

CERTIFICATE OF SERVICE

  I hereby certify that on this the 15th day of May, 2018, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following and/or that the following was served upon the following via U.S. mail, postage prepaid:

John B. Dupree
Keith D. Stewart
Market Street Law, PLLC
625 Market Street, 14th Floor
Knoxville, TN 37902
(865) 245-4438

James K. Scott
James K. Scott Associates PA
713 Market Street
Knoxville, TN 37902
(865)254-8739

James F. Sanders
J. Issac Sanders
Marie T. Scott
Neal & Harwell, PLC
1201 Demonbreun Street
Suite 1000
Nashville, TN 37203
(615) 244-1713

S. Joe Welborn
Joshua K. Chesser
Smith Cashion & Orr, PLC
231 Third Avenue North
Nashville, TN 37201
(615) 742-8555

                 */s/ James S. Witcher, III*
                 *Of Counsel*